IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEVEN BRODNAX,<br>    Plaintiff, | :<br>:<br>: |
| v. | :     CIVIL ACTION NO. 23-CV-1533 |
| CITY OF PHILADELPHIA, *et al.*<br>    Defendants. | :<br>:<br>: |

MEMORANDUM

**GOLDBERG, J.**                                                                                                                                                                            **APRIL 26, 2023**

Plaintiff Steven Broadnax has filed a *pro se* complaint raising civil rights claims pursuant to 42 U.S.C. § 1983. Broadnax has also filed a motion for leave to proceed *in forma pauperis*. Named as Defendants are the City of Philadelphia, the Philadelphia Police Department ("PPD"), the Philadelphia Prison System ("PPS"), and Shanda White. For the following reasons, the Court will grant Broadnax leave to proceed *in forma pauperis* and dismiss the Complaint.

**I.  FACTUAL ALLEGATIONS**[1]

Broadnax's allegations are brief. He asserts that on October 19, 2020, he was sitting on the steps of 7500 Walnut Lane after being discharged from a hospital. (Compl. at 3.) On October 22, 2020, he was driven to the 35th Police District where he was arrested. He asked to go to a hospital but was instead transferred to Curran Fromhold Correctional Facility ("CFCF"). (*Id.*) From that time until he was transferred to a hospital on October 25, 2020, he was not medicated by the prison. (*Id.*) While "in covid restriction," Broadnax was attacked by some "guy" that guards had just brought to the unit where Broadnax was housed. (*Id.*) Broadnax suffered broken

---

[1] The facts set forth in this Memorandum are taken from the Complaint (ECF No. 2). The Court adopts the pagination assigned to the Complaint by the CM/ECF docketing system.

bones in his left hand and was allegedly denied medical help.  (*Id*.)  Upon his release, he was informed by a detective named Falcone that his vehicle "was released without my knowledge" to the Philadelphia Parking Authority and sold after Broadnax's arrest.  (*Id*.)  He was never "given a warrant" for the car but was told the warrant was put in the vehicle.  (*Id*.)  He asserts that CFCF denied his request for his medical records.  (*Id*.)  He also asserts that he was "found guilty without a hearing or fair trial" while in custody "for a PFA [protection from abuse order] from Shanda White who also message[d] my niece and told her 'you on the slow bus with your uncle.'"  (*Id*.)  Broadnax, who used the Court's preprinted form complaint, did not include the page of the form that asks questions about the relief he seeks.

Notably, on January 22, 2021, Broadnax filed a prior lawsuit, *Broadnax v. Philippi*, Civ. A. No. 21-398, in which he named White as one of the defendants along with Philadelphia police officials and made similar allegations about the incident in October 2020 and his resulting custody.  (*See id.*, Compl. (ECF No. 1).)  He alleged among other details in that case that he was unlawfully arrested on October 22, 2020, after being shot on October 19, 2020, and did not receive needed medical attention.  (*Id*. at 1-2.)  He also made allegations there about losing his vehicle.  (*Id*. at 2.)  He alleged that he is the father of White's child, although she denied it, and that she obtained a protection from abuse order.  (*Id*. at 4.)  In an Order in that case filed on February 3, 2021, Broadnax was directed to pay the filing fee or seek leave to proceed *in forma pauperis*.  (*Id*., ECF No. 3.)  Broadnax was also directed to file an amended complaint because his original pleading did not contain a caption and otherwise comply with Federal Rules of Civil Procedure 8 and 10.  (*Id*.)  When Broadnax failed to comply with that Order, the case was dismissed without prejudice for failure to prosecute on March 26, 2021.  (*Id*., ECF No. 4.)

## II.  STANDARD OF REVIEW

As Broadnax appears to be incapable of paying the filing fees to commence this action, he will be granted leave to proceed *in forma pauperis*. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. The Court must determine whether the Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "'At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. Because Broadnax is proceeding *pro se*, the allegations of the Complaint will be construed liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021). However, "'pro se litigants still must allege sufficient facts in their complaints to support a claim.'" *Id.* (quoting *Mala*, 704 F. 3d at 245).

## III.  DISCUSSION

Broadnax asserts civil rights claims pursuant to § 1983.[2] "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United

---

[2] The only non-civil rights claim arguably raised by Broadnax concerns his allegation that he was denied his medical records by CFCF. To the extent Broadnax seeks to raise a claim under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), that claim is not plausible since there is no federal private right of action under HIPPA. *See Dodd v. Jones,* 623 F.3d 563, 569 (8th Cir. 2010); *Webb v. Smart Document Solutions, LLC,* 499 F.3d 1078, 1082 (9th Cir. 2007); *Acara v. Banks,* 470 F.3d 569 (5th Cir. 2006); *Altavilla v. Geisinger Wyoming Valley Med. Ctr.*, No. 17-cv-1704, 2018 WL 1630961, at *2 (M.D. Pa. Mar. 12, 2018), *report and recommendation adopted,* 2018 WL 1629870 (M.D. Pa. Apr. 4, 2018) ("'The ability to bring an enforcement action to remedy HIPAA violations, and ensure that a healthcare provider is HIPAA

States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

### A.      Claims Against City Agencies

Broadnax names as Defendants the PPD and the PPS.  City agencies are not subject to suit under § 1983 because they do not have a separate legal existence from the City of Philadelphia. *See Vurimindi v. City of Philadelphia*, No. 10-cv-88, 2010 WL 3169610, at *1 (E.D. Pa. Aug. 10, 2010) (holding that under 53 Pa. Cons. Stat. § 16257, "no such department shall be taken to have had . . . a separate corporate existence, and hereafter all suits growing out of their transaction . . . shall be in the name of the City of Philadelphia").  For this reason, the United States Court of Appeals for the Third Circuit has held specifically that, "the Philadelphia Prison System, [a] department[ ] of the City of Philadelphia itself, [is] not [a] proper defendant[ ]" in an action brought under § 1983.  *Russell v. City of Philadelphia*, 428 Fed. App'x 174, 177 (3d Cir. 2011) (citing § 16257).  The same is true for the Philadelphia Police Department.  *Bush v. City of Philadelphia Police Dep't*, 684 F. Supp. 2d 634, 636 (E.D. Pa. 2010) (dismissing the Philadelphia Police Department as a matter of law because it is not a legal entity separate from the City of Philadelphia); *Gremo v. Karlin*, 363 F. Supp. 2d 771, 780-81 (E.D. Pa. 2005) (dismissing City of Philadelphia Police Department and the City of Philadelphia Police Department Northeast Detective Division).  Accordingly, all claims against the PPD and the PPS are dismissed with prejudice.

---

compliant, lies within the exclusive province of the Secretary of Health and Human Services, not the hands of private citizens.'" (quoting *Polanco v. Omnicell, Inc.*, 988 F. Supp. 2d 451, 469 (D.N.J. 2013)).

### B. Claims Against Shonda White

Broadnax alleges that White obtained a protection from abuse order against him "without a hearing or fair trial" and sent a message to his niece. Courts have overwhelmingly found that the filing of a petition for a protection from abuse order does not render a private individual a state actor. *See Mikhail v. Kahn*, 991 F. Supp. 2d 596, 649 (E.D. Pa.), *aff'd*, 572 F. App'x 68 (3d Cir. 2014) (holding that because the entry of a protection from abuse order, even a temporary, emergency order, requires a judge to exercise his discretion, a petitioner seeking such an order cannot be considered a state actor because he petitioned for such an order); *see also Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1267 (3d Cir. 1994) ("[A] private individual who enlists the compulsive powers of the state to seize property by executing on a judgment without pre-deprivation notice or hearing acts under color of law and so may be held liable under section 1983 if his acts cause a state official to use the state's power of legal compulsion to deprive another of property."); *Van Tassel v. Lawrence County Domestic Rel. Section*, 659 F. Supp. 2d 672, 699 (W.D. Pa. 2009) (citing *Karls v. Prudential Real Estate Affiliates, Inc.*, No. 07-cv-325, 2008 WL 123593 (D. Utah Jan. 10, 2008) ("The overwhelming weight of authority demonstrates that a private party's mere invocation of state procedures, such as the filing of an administrative complaint, does not, as a matter of law, make Defendants state actors or actors under color of state law.")). Because the act of petitioning the court for a protection from abuse order does not make White a state actor as that term is used in § 1983, the claims against her will be dismissed with prejudice.

### C. Claims Against the City of Philadelphia

Finally, Broadnax asserts claims against the City of Philadelphia. To plead liability against a municipal entity, such as the City, under § 1983, a plaintiff must allege that the municipality's

policy or custom caused the violation of his constitutional rights. *See Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978). "To satisfy the pleading standard, [the plaintiff] must . . . specify what exactly that custom or policy was." *McTernan v. City of York, PA*, 564 F.3d 636, 658 (3d Cir. 2009). "'Policy is made when a decisionmaker possess[ing] final authority to establish municipal policy with respect to the action issues an official proclamation, policy, or edict.'" *Estate of Roman v. City of Newark*, 914 F.3d 789, 798 (3d Cir. 2019) (quoting *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1480 (3d Cir. 1990)). "'Custom, on the other hand, can be proven by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law.'" *Id.* (quoting *Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990)). For a custom to be the proximate cause of an injury, a plaintiff must establish that the defendant "had knowledge of similar unlawful conduct in the past, failed to take precautions against future violations, and that its failure, at least in part, led to [plaintiff's] injury." *Id.* (internal quotations and alterations omitted). Allegations that simply paraphrase the standard for municipal liability are too vague and generalized to support a plausible claim. *See, e.g.*, *Szerensci v. Shimshock*, No. 20-cv-1296, 2021 WL 4480172, at *7 (W.D. Pa. Sept. 30, 2021) ("Plaintiffs' conclusory allegation, which generally paraphrases the relevant standard, is insufficient to state a claim for § 1983 liability under *Monell*.") (citing cases). Broadnax does not allege that a policy or custom of the City of Philadelphia caused the violation of his constitutional rights. For this reason, the City must also be dismissed.

      **D.**      **Leave to Amend**

Because the Court has dismissed all of Broadnax's claims pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), I must determine whether to grant leave to file an amended complaint. The Third Circuit has held that district courts should dismiss complaints in *pro se* cases with leave to

amend "unless amendment would be inequitable or futile." *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002); *see also Shane v. Fauver*, 213 F.3d 113, 116 (3d Cir. 2000).

Broadnax asserts that the events in this § 1983 case took place in October 2020. The timeliness of a § 1983 claim is governed by the limitations period applicable to personal injury actions of the state where the cause of action arose. *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009). The Pennsylvania statute of limitations for a personal injury action is two years. *Id.* at 634 (citing 42 Pa. Cons. Stat. § 5524(2)). Thus, limitations period applicable to Broadnax's § 1983 claim is two years.

In Pennsylvania, the discovery rule may operate to delay the running of the statute of limitations in certain circumstances. *Nicolaou v. Martin*, 195 A.3d 880, 892 (Pa. 2018) ("{T]he discovery rule tolls the statute of limitations where the plaintiff is reasonably unaware that he has been injured and that his injury has been caused by another party's conduct") (citing *Fine v. Checcio*, 870 A.2d 850, 858 (Pa. 2005)). "As the discovery rule has developed, the salient point giving rise to its application is the inability of the injured, despite the exercise of reasonable diligence, to know that he is injured and by what cause." *Fine v. Checcio*, 870 A.2d 850, 859 (2005). "The reasonable diligence standard is objective, as the question is not what the plaintiff actually knew of the injury or its cause, but what he might have known by exercising the diligence required by law." *Nicolaou*, 195 A.3d at 893. (citations omitted). However, "the objective reasonable diligence standard is 'sufficiently flexible . . . to take into account the differences between persons and their capacity to meet certain situations and the circumstances confronting them at the time in question.'" *Id.* (quoting *Fine*, 870 A.2d at 858.

Broadnax's claims based on the October 2020 incident, his lack of medical care after his arrest, the loss of his vehicle, and the granting of a protection from abuse order are clearly untimely.

Broadnax's earlier case, which was dismissed without prejudice for failure to prosecute, was filed on January 22, 2021.  In that complaint, he asserted most of the same facts and raised similar claims.  Thus, he knew at least as early as the date that he filed the first case that he had been injured and that his injury has been caused by another party's conduct.  Broadnax filed the present case on April 19, 2023, more than two years after January 22, 2021, the latest time at which he was aware of his claims.  Thus, any attempt to raise claims based on his arrest in October 2020, his lack of medical care after his arrest, the loss of his vehicle, or the granting of a protection from abuse order would be untimely.  In turn, granting him leave to amend these claims would be futile.

The only event mentioned in Broadnax's current Complaint that he did not mention previously is his allegation that, after he was attacked by another inmate, he suffered broken bones in his left hand and was allegedly denied medical help.[3]  Because it is unclear from the face of the Complaint when this incident occurred and who was involved, the Court will permit Broadnax leave to file an amended complaint to reassert this claim against an appropriate defendant who had personal involvement in the incident and specify when the incident occurred.

---

[3] To state a constitutional claim based on the failure to provide medical treatment, a prisoner must allege facts indicating that prison officials were deliberately indifferent to his serious medical needs.  *See Farmer v. Brennan*, 511 U.S. 825, 835 (1994).  "A medical need is serious, . . . if it is one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." *Monmouth Cnty. Corr. Institutional Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987) (internal quotations omitted).  Deliberate indifference is properly alleged "where the prison official (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment." *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999).  In order to be liable for a violation of civil rights, a defendant "must have personal involvement in the alleged wrongs." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).

**IV.     CONCLUSION**

For the foregoing reasons, the Court will dismiss Broadnax's Complaint in part with prejudice and in part without prejudice. Broadnax will be granted leave to file an amended complaint if he can assert a timely claim against an appropriate defendant concerning the injury to his hand.